# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

| | |
|---|---|
| ROY LEE GREEN | CIVIL ACTION NO. 05-397-P |
| VERSUS | JUDGE WALTER |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE HORNSBY |

---

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Roy Lee Green ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on March 2, 2005. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction and sentence. He names Warden Tim Wilkinson as respondent.

On September 16, 1997, Petitioner was convicted of one count of forcible rape in Louisiana's Eleventh Judicial District Court, Parish of DeSoto. Subsequently, he was

---

[1] This Report and Recommendation is not intended for commercial print or electronic publication.

sentenced to 40 years imprisonment at hard labor, the first two years without benefit of parole. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on December 9, 1998. <u>State v. Green</u>, 31,391 (La. App. 2 Cir. 12/9/98), 724 So.2d 812. The Supreme Court of Louisiana denied writs of review on June 4, 1999. <u>State v. Green</u>, 1999-303 (La. 6/4/99), 743 So.2d 1251.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his conviction, (2) his sentence is excessive, and (3) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## <u>LAW AND ANALYSIS</u>

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[2]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

---

[2] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. <u>See</u> 28 U.S.C. § 2244(d)(2).

2.      the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3.      the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

On September 16, 1997, Petitioner was convicted of one count of forcible rape in Louisiana's Eleventh Judicial District Court, Parish of DeSoto. Subsequently, he was sentenced to 40 years imprisonment at hard labor, the first two years without benefit of parole. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on December 9, 1998. State v. Green, 31,391 (La. App. 2 Cir. 12/9/98), 724 So.2d 812. The Supreme Court of Louisiana denied writs of review on June 4, 1999.

<u>State v. Green</u>, 1999-303 (La. 6/4/99), 743 So.2d 1251. Most federal courts have interpreted Section 2244(d)(1)(A) to provide that the state court judgment is nonetheless not final for <u>habeas</u> purposes until the ninety-day period for filing a writ of certiorari to the United States Supreme Court has run. <u>See</u> <u>United States v. DeTella</u>, 6 F. Supp. 2d 780, 781 (N.D. Ill. 1998) (rev'd on other grounds); <u>Alexander v. Keane</u>, 991 F. Supp. 329, n.2 (S.D.N.Y. 1998); <u>United States v. Schomig</u>, 1999 WL 1044176 at *4 (N.D. Ill. 1999). <u>See</u> <u>also</u> <u>Caspari v. Bohlen</u>, 114 S. Ct. 948, 953-54 (1994). The Fifth Circuit has said the same in what appears to be dicta. <u>See</u> <u>Ott v. Johnson</u>, 192 F.3d 510 (5th Cir. 1999). Therefore, Petitioner's one-year period commenced ninety days after June 4, 1999 on September 2, 1999.

The federal petition currently before the Court was filed in this Court on March 2, 2005 and signed on February 28, 2005. Since the federal clock began ticking on September 2, 1999, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before September 2, 2000. This petition was not filed until February 2005 at the earliest, more than four years too late.

It appears that Petitioner's state application for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. <u>See</u> <u>supra</u> footnote 1. Petitioner's one year federal limitation period began on September 2, 1999 and continued until he filed his first state post conviction relief application in the trial court. Petitioner has failed to provide this Court with the date that he filed his application for

post-conviction relief in the state court. Even if Petitioner filed his application for post-conviction relief in the state trial court on September 2, 1999, his federal petition is still untimely. The limitations period was tolled by Petitioner's application for post-conviction relief until January 30, 2004, when the Supreme Court of Louisiana denied relief.[3] State ex rel. Green v. State, 2003-KH-185 (La. 5/16/03), 865 So.2d 70. Petitioner then had 365 days to file his federal petition for a writ of habeas corpus in this Court. Petitioner did not file his petition in this Court until February 28, 2005, at the earliest. Thus, the time in which the limitations period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

---

[3]This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment)for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. Thus, even if this Court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 13th day of September, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

**cc: Judge Walter**