RECEIVED October 20, 2005:

OCT 24 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Roy Lee Green

VS.                              Civil No. 05-397-P

W.D.C.

Petitioner would like to thank this Court for all time and help with this case. Petitioner cannot find all of the papers work to show to this court that he has exhausted the court's remedies. Well thank you against for given me a change. Petitioner has failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petitioner pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District courts of Louisiana. ("This court can go on and dismissal this case.") I know about all of the case here

Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998) Citing Boerckel
Richardson v. Procunier  455 U.S. 509, 102 S.Ct. 1198, 71 F.Ed.
O'Sulivan v. Boerckel    2d 379 (1982)
Minor v. Lucas    28 U.S.C. § 2244 (d)(1).
Rose v. Lundy     92 S.Ct. 509, 30 L.Ed. 2d 438, 443 (1971)
Picard v. Connor     697 F.2d 697 5th Cir. 1983).
Shute v. Texas      404 U.S. 270, 275,
Flanagan v. Johnson    117 F.3d 233 (5th Cir. 1997).

Thus Done And Signed on this 20 day of October, 2005.

Petitioner's
Roy Green #238081

Roy Lee Green #238081
Winn Correctional Center
Post Office Box 1260
Winnfield, Louisiana 71483

Furthermore, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

From the information provided in the petition, it appears this petition is untimely because it was filed more than one year after Petitioner's conviction and sentence became final. Nevertheless, review of this petition may still be proper if the claims asserted herein fall within one of three statutory exceptions found in 28 U.S.C. §2244(d)(1)(B),(C), or (D). The time for filing federal habeas relief on claims which fall within these exceptions can, in appropriate cases, be extended beyond the one year period after conviction becomes final. These exceptions apply (1) if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, (2) if the Supreme Court recognizes a new constitutional right and makes the right retroactive to cases on collateral review, or (3) if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim. See 28 U.S.C. §2244(d)(1)(B)(C) and (D); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998).

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days after service of this order, a copy of the legal memorandum he filed at each level of the state courts and the response of each state court in order to demonstrate that he has presented each issue raised

herein to the Supreme Court of Louisiana.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). This response shall set forth the date on which each application for post-conviction relief was filed at each level of the state courts and the date that each level of the states courts ruled on Petitioner's application for post-conviction relief.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 6th day of June 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

H:\PRO SE\0254\MISC\Green2.ord.exh rc 5-05.wpd

Roy Lee Breen #238081
Winn Correctional Center
Post Office Box 1260
Winnfield, LA 71483-1260

Legal Mail

Western District Of Louisiana
Clerk, United States District Court
U.S. Courthouse
300 Fannin St. Suite 1167
Shreveport, Louisiana 71101-#3083

71101-3122

Legal


ALEXANDRIA LA
21 OCT 2005
713



This Letter is Being Mailed By An Inmate Assigned To A Correctional Facility. The Administration Has Not Reviewed The Contents.